IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

PLUMBERS LOCAL UNION NO. 17;
BRANDON OSBAHR, as Trustee and Chairman
of the Boards of Trustees of the
MEMPHIS CONSTRUCTION BENEFIT FUND;
the PLUMBERS LOCAL UNION NO. 17
PENSION PLAN, and the PLUMBERS LOCAL
UNION NO. 17 IMPROVEMENT TRUST FUND,

    Plaintiffs,

vs.                                                                                                                                              Civil Action No.: 22-2485

PLUMBING CONTRACTORS, INC.;

    Defendant.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW the Plaintiffs, PLUMBERS LOCAL UNION NO. 17 (hereinafter known as the "Union"), BRANDON OSBAHR, Trustee and Chairman of the Board of Trustees of the MEMPHIS CONSTRUCTION BENEFIT FUND (hereinafter known as the "Health and Welfare Fund"), the PLUMBERS LOCAL UNION NO. 17 PENSION PLAN (hereinafter known as the "Pension Fund"), and the PLUMBERS LOCAL UNION NO. 17 IMPROVEMENT TRUST FUND, by and through their undersigned attorney and allege as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145; and §301 of

the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185.

2. Venue in this Court is appropriate pursuant to ERISA 29 U.S.C. §1132(e)(2).

## PARTIES

3. Plaintiff, Plumbers Local Union No. 17, is a voluntary labor organization as defined by the LMRA, 29 U.S.C. §152(5). The Union represents employees for the purposes of collective bargaining and maintains its place of business at 4229 South Prescott, Memphis, Tennessee 38118.

4. Plaintiff, Brandon Osbahr, is Trustee and Chairman of the Board of Trustees of the Memphis Construction Benefit Fund. The Memphis Construction Benefit Fund (hereinafter "Health and Welfare Fund") is an employee benefit plan and qualified "multi-employer plan" as that term is defined in ERISA, 29 U.S.C. §1002 (37)(A). Plaintiff Health and Welfare Fund is administered pursuant to the terms and provisions of its trust agreements and in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186 and other applicable federal and state laws. Plaintiff Health and Welfare Fund is administered by Southern Benefit Administrators, Inc., Post Office Box 1449, Goodlettsville, Tennessee 37070-1449.

5. Plaintiff, Brandon Osbahr, is Trustee and Chairman of the Board of Trustees of the Plumbers Local Union No. 17 Pension Fund. The Plumbers Local Union No. 17 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan and qualified "multi-employer plan" as that term is defined in ERISA, 29 U.S.C. §1002 (37)(A). Plaintiff Pension Fund is administered pursuant to the terms and provisions of its trust agreements and in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186 and other applicable federal and state laws. Plaintiff Pension Fund is administered by Southern Benefit Administrators, Inc., Post Office Box 1449, Goodlettsville, Tennessee 37070-1449.

6. Plaintiff, Brandon Osbahr, is Trustee and Chairman of the Board of Trustees of the Plumbers Local Union No. 17 Improvement Trust Fund. The Plumbers Local Union No. 17 Improvement Trust Fund (hereinafter "Apprenticeship Fund") is a trust fund as defined by § 302 of the LMRA, 29 U.S.C. § 186(c) and is a jointly trusted fund administered by the Joint Apprentice Committee. Said Apprenticeship Fund provides training to apprentices and journeymen plumbers and is located at 4229 South Prescott, Memphis, Tennessee 38118.

7. The Defendant, Plumbing Contractors, Inc. (hereinafter "PCI" or the "Company"), is engaged in the construction business in Tennessee and maintains a principal place of business at 291 E. South Street, Collierville, TN 38017.

## CAUSE OF ACTION

Plaintiffs further allege as follows:

8. Defendant PCI is a member of the Mechanical Contractors Association which has been a party to a series of Collective Bargaining Agreements ("CBA") with Plumbers Local Union No. 17. Under the terms of said CBA, the PCI agreed and was bound to submit monthly reports and contributions to Plaintiffs Health and Welfare, Pension and Improvement Trust Funds and Union in accordance with the sections of the CBA outlining wages, health and welfare, pension, and improvement fund contributions, and the dues and working assessment sections. By virtue of said CBA, Defendant agreed to be bound by the trust agreements of Plaintiff Health and Welfare and Pension Funds, the most recent of which is effective November 1, 2018 to October 31, 2023 and is attached hereto as Exhibit A.

9. Defendant PCI has failed to consistently pay its contributions and dues as required to Plaintiff Funds and Union since December 2017 and, as a result, has entered into several

3

Payment Agreements, the most recent of which is dated April 26, 2022 and is attached hereto as Exhibit B.

10. Defendant PCI has been notified of its delinquencies by letters and emails and PCI has failed to respond.

11. Defendant PCI's failure to make required payments and file accurate reports constitutes a breach of the CBA for which PCI is liable for the delinquent contributions, interest and liquidated damages. In addition, PCI is liable for all costs of collection, including reasonable attorney fees.

12. PCI owes past contributions for the months of July (half month), October and November 2019 and May, June and July 2022, and ongoing contributions to the Funds and dues to the Union in an amount to be determined.

13. PCI's failure to make required payments and file required reports to the Funds for the relevant periods also constitutes a violation of §515 of ERISA, 29 U.S.C. §1145. Section 515 provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of the Collective Bargaining Agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement.

Plaintiffs are further entitled to interest, liquidated damages of twenty (20%) percent, all costs of collection including reasonable attorney's fees and/or auditor or accountant's fees.

## REQUEST FOR RELIEF

WHEREFORE PLAINTIFF PRAY THAT THE COURT:

1. Grant Plaintiffs a preliminary/permanent injunction specifically requiring

Defendant PCI to perform and continue to perform all of the contractual obligations to the Plaintiff Funds and Union, furnishing accurate reports and contributions for work performed on a timely basis;

2. Grant Plaintiffs a preliminary/permanent injunction specifically requiring Defendant PCI to submit to a full Payroll Audit based on complete and accurate records for all work performed by all journeymen plumbers and apprentices working within the jurisdiction of Plumbers Local Union No. 17;

3. Grant Plaintiffs, pursuant to §502(g) 2 of ERISA, as amended, 29 U.S.C. §§1132 and 1145, all sums determined to be due, plus interest, costs, reasonable attorney's fees, auditor or accountant's fees, and liquidated damages at twenty (20%) percent; and

4. Grant Plaintiffs all further relief that the Court deems necessary and proper.

    /s/ Deborah Godwin
Deborah Godwin (#9972)
Attorney for Plaintiffs
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Telephone:    901-528-1702
Facsimile:    901-528-0246
Email:        dgodwin@gmlblaw.com